Per Curiam.
The main objection to the judgment, as urged, is that it is not supported by the evidence. - There was explicit testimony which, if the referee believed it, required him to find for the plaintiffs. In support of this were facts and inferences which cdrroborated that testimony. Against it was other testimony, directly and infórentially contradictory. A review of the case does not produce a result different from that reached by the referee. There was a class of exceptions which was not valid, because the rulings to which they were made were that witness cannot testify to matters of opinion or inference or law; such as, what was the agreement or understanding, instead of, what was said and done between the parties, or the purpose for which the check was given, instead of the particulars of the transaction. Another class of exceptions comprise cases where the referee allowed questions to be put to one of the defendants as a witness, calling for the fact of his paying other claims like the one in action. These questions were put on the cross-examination. On the direct examination the witness had given testimony that he had said to one of the plaintiffs that the defendants had a cotatract with one Webstor that the latter should pay all expenses in a certain suit, and this might have been used, not only to contradict witnesses for plaintiffs, but also to show that defendants had no motive or interest to make the contract in action, which related to the expenses. On cross-examination the plaintiffs had a right to neutralize or modify this by showing, if possible, that all other expenses had been paid by the defendants. And this right of plaintiffs was connected with their competent attempt to show by the same question that the contract with Webster concerned other subject-matter than that of the contract in this action. No exception of the case should be sustained.
Judgment affirmed, with costs.